# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:04CR00097 |
| v. ) | **OPINION** |
| ) | |
| **MARTY DEWAYNE LAWSON,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Marty Dewayne Lawson, Pro Se Defendant.*

The defendant, Marty Dewayne Lawson, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). Lawson argues that his sentence, imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e) (West 2006), is illegal under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). The United States moves to dismiss the § 2255 motion as untimely filed and without merit, and Lawson has responded, making the matter ripe for disposition. After review of the record, I will grant the Motion to Dismiss.

I

Lawson pleaded guilty in June 2005, pursuant to a written Plea Agreement, to one of two charges of being a felon in possession of a firearm, in violation of 18 U.S.C.A. §§ 922(g)(1), 922(g)(3), and 924(e) (West 2006). Pursuant to the Plea Agreement, Lawson also waived his right to appeal or bring a collateral attack and the United States agreed to move for dismissal of the second § 922(g) charge. At sentencing on September 1, 2005, I found that because Lawson had three prior violent felony and/or serious drug convictions, he was subject to an enhanced sentence under the ACCA, which mandates a minimum sentence of fifteen years in prison for a defendant who meets these criteria. I sentenced Lawson to 195 months in prison. Lawson did not appeal his conviction or sentence.

Lawson asserts that in finding him subject to an ACCA enhancement, the court relied on prior Virginia convictions for which Lawson was sentenced to one year or less. Thus, Lawson contends his ACCA sentence is invalid in light of *Simmons*, which held that hypothetical aggravating factors cannot be considered when calculating whether prior state conviction was punishable by more than one year.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following:

>   (1)  the date on which the judgment of conviction becomes final;
>
>   (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). If the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

Because Lawson did not appeal the September 1, 2005 judgment, his conviction became final on September 16, 2005, when his opportunity to appeal

expired.[1]  Lawson then had one year – until  September 18, 2006 – in which to file a timely § 2255 motion.  Because Lawson filed his § 2255 motion at the earliest on December 20, 2011,[2] his motion is untimely under § 2255(f)(1).

Lawson argues that the court should calculate his one-year filing period under § 2255(f)(3), because he filed his § 2255 motion within one year of the decision in *Simmons*.  The *Simmons* decision cannot trigger § 2255(f)(3), since this section by its own terms applies only to claims based on a right newly recognized by a Supreme Court decision.  In *Simmons*, the Fourth Circuit applied *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010).  Lawson cannot rely on the *Carachuri-Rosendo* decision to render his motion timely under § 2255(f)(3), however,

---

[1]  *See* Fed. R. App. P. 4(b)(1)(A) (former version, requiring notice of appeal to be filed 10 days after judgment); Fed. R. App. P. 26(a) (former version, excluding weekend days and holidays from computation of time periods of 11 days or less and providing that a time period ending on a weekend day or holiday would conclude on next day that was not a weekend or holiday).

[2]  Generally, a prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court.  *See* Rule 3(d), Rules Governing § 2255 Proceedings.  Lawson signed and dated his § 2255 motion on December 20, 2011, and the court received and docketed it on December 22, 2011.

because he did not file the motion within one year of that decision.³ Therefore, Lawson fails to demonstrate that his § 2255 motion is timely under § 2255(f)(3).⁴

In any event, even if his § 2255 motion were deemed timely, Lawson fails to demonstrate that he is entitled to relief under *Simmons*. Lawson misinterprets the *Carachuri-Rosendo* and *Simmons* decisions as creating a rule that a defendant's federal sentence may not be increased based on any prior conviction for which he was sentenced to one year or less. In fact, these decisions held that hypothetical aggravating factors cannot be considered when calculating the maximum punishment a defendant could have received for a prior conviction. *Carachuri-Rosendo*, 130 S. Ct. at 2587 n.12 ("a recidivist finding" can only "set the 'maximum term of imprisonment,'. . . when the finding is a part of the record of conviction") (quoting *United States v. Rodriquez*, 553 U.S. 377, 389 (2008)); *Simmons*, 649 F.3d at 246-47 (same, applying *Carachuri-Rosendo* to overrule the

---

³ After the United States filed its Motion to Dismiss, the Fourth Circuit ruled that the *Carachuri-Rosendo* decision, as applied in *Simmons*, did not recognize a retroactively applicable right as required to invoke § 2255(f)(3). *United States v. Powell*, 691 F.3d 554, 559-60 (4th Cir. 2012) ("Because the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that *Carachuri* is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.").

⁴ Lawson has not alleged facts upon which his § 2255 motion could be deemed timely under § 2255(f)(2), based on the removal of an impediment, or § 2255(f)(4), based on newly discovered facts concerning his case that he could not have discovered earlier with due diligence.

prior interpretation of a North Carolina sentencing scheme in *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005)).

Section 924(e) mandates a fifteen-year ACCA mandatory minimum sentence for a defendant convicted of violating § 922(g) who has been convicted three times or more for a violent felony or a serious drug offense or both. 18 U.S.C.A. § 924(e)(1). Generally, for purposes of the ACCA enhancement, a "serious drug offense" is a drug trafficking crime punishable by a maximum term of ten years or more, while a "violent felony" is one "punishable by imprisonment for a term exceeding one year." § 924(e)(2)(B).

> The rule announced in *Simmons* does not compel [the court] to look to the actual sentence imposed on a defendant. (Pursuant to *Simmons*, in evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant.). Instead, [the court must] focus on the maximum sentence that the defendant before the court could have received.

*United States v. Pulliam*, 474 F. App'x 134, 135 (4th Cir. 2012) (unpublished) (internal quotation marks and citations omitted); *see also United States v. Thompson*, 480 F. App'x 201, 204 (4th Cir. 2012) (unpublished), *vacating United States v. Thompson*, 826 F. Supp. 2d 863 (E.D.N.C. 2011) (a decision on which Lawson relies).

For each of the four convictions used to qualify Lawson for the ACCA enhancement, the state court sentenced him to no more than one year imprisonment or probation. Lawson, however, does not dispute that he was *eligible* for a

sentence exceeding one year for each of these offenses under Virginia's discretionary sentencing guidelines. Thus, Lawson fails to demonstrate that his ACCA sentence is invalid under *Simmons*.

### III

For the stated reasons, Lawson's § 2255 motion is untimely under § 2255(f) and his *Simmons* claim is without merit. Therefore, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED: December 19, 2012

/s/ James P. Jones
United States District Judge